United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Wilmington Savings Fund Society, Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 20-24306-Civ-Scola ) ) |
| Rigoberto Diaz, Defendant. | ) |

### Order

This matter is before the Court upon the Plaintiff's motion for remand and for attorney's fees and costs. (ECF No. 6.) For reasons stated below, the Court **grants** the Plaintiff's motion to remand (**ECF No. 6**). Consistent with this decision and in light of the Defendant's clear abuse of the removal process, it is **ordered and adjudged** that the Defendant may not remove this matter to federal court without first seeking leave of this Court and receiving express permission to do so. Any attempts to file a notice of removal without first receiving this Court's permission shall be without effect.

The Court reserves jurisdiction to determine whether the Plaintiff is entitled to recover certain attorney's fees and costs. The Court **refers** the Plaintiff's motion for attorney's fees and costs (**ECF No. 6**) to United States Magistrate Judge Jonathan Goodman for a report and recommendations, consistent with 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of the Local Magistrate Judge Rules.

### I. Background

The Plaintiff and the Defendant are parties to a residential foreclosure which was filed in state court on December 13, 2017. (ECF No. 6, at 1.) The Defendant was served on January 11, 2018, default was entered against him on September 4, 2018, and on October 3, 2018, the state court entered a final judgment of foreclosure against the Defendant. (ECF No. 6, at 1.) Thereafter, a foreclosure sale was scheduled for November 11, 2018. (ECF No. 6, at 1.)

On November 1, 2018, the Defendant filed a voluntary petition for bankruptcy, and as a result, the previously scheduled foreclosure sale was cancelled. (ECF No. 6, at 2.) The Defendant's bankruptcy petition was subsequently dismissed with prejudice after the Defendant failed to comply with filing requirements. (ECF No. 6, at 2.)

The foreclosure sale was then re-set for March 13, 2019, but on March 12, 2019, another party, Rosalba Diaz, filed a voluntary petition for bankruptcy which

again resulted in the foreclosure sale being cancelled. (ECF No. 6, at 2.) As with the first bankruptcy petition, this bankruptcy petition was dismissed with prejudice after Ms. Diaz failed to comply with filing requirements. (ECF No. 6, at 2.)

The foreclosure sale, now rescheduled a third time, was set to take place on May 29, 2019. (ECF No. 6, at 2.) The day of the foreclosure sale, the Defendant filed a notice of removal, removing the case to the United States District Court for the Southern District of Florida. The matter was assigned to District Judge Marcia G. Cooke, and after holding a motion hearing, on December 11, 2019, Judge Cooke granted the Plaintiff's motion and remanded this matter back to state court. (ECF No. 6-7, at 1.)

Upon the Plaintiff's motion, the state court re-set the foreclosure sale for a fourth time, which was now scheduled to take place on February 12, 2020. (ECF No. 6, at 3.) The day before the foreclosure sale, the Defendant filed yet another petition for bankruptcy which resulted in the foreclosure sale being cancelled. (ECF No. 6, at 3.) This bankruptcy, like the others, was dismissed with prejudice after the Defendant failed to comply with filing requirements. (ECF No. 6, at 3.)

The foreclosure sale was now re-set a fifth time and scheduled to take place on October 21, 2020. On October 19, 2020, the Defendant, once again, filed a notice of removal which was essentially identical to his first notice of removal. (ECF No. 6, at 3-4; *see* ECF Nos. 6-4, 6-9). This time, the instant matter was assigned to District Judge Cecilia M. Altonaga. That same day, Judge Altonaga *sua sponte* found the Defendant "fail[ed] to provide a valid basis for removal" and ordered that the case be remanded to state Court. (ECF No. 6-10, at 1-2.)

The very next day, one day before the foreclosure sale was to take place, on October 20, 2020, the Defendant filed yet another notice of removal. (ECF No. 1.) The matter was assigned to this Court. The notice of removal was identical to the prior two in all respects, except it added in handwriting an additional basis for relief from final judgment, which was "violation of constitucion [sic] rights."

The Plaintiff alleges that removal notwithstanding, the foreclosure sale went forward on October 21, 2020 where the Plaintiff purchased the foreclosed upon property. (ECF No. 4.) The Plaintiff, however, claims that the sale is void under 28 U.S.C. § 1446(d) because the state court lost all jurisdiction over the case when the Defendant filed his notice of removal.

## II.  Standard

Federal courts are obligated to conduct a preliminary examination of the record to determine that jurisdiction exists. *Kelly v. Harris*, 331 F.3d 817, 819 (11th Cir. 2003). A civil action may be removed from state court to federal district court if the action is within the original jurisdiction of the federal court. 28 U.S.C.

§ 1441(a). Original jurisdiction exists when a civil action raises a federal question, or where the action is between citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. A party seeking to invoke a federal court's diversity jurisdiction must allege facts that show that federal-subject-matter jurisdiction exists. *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). Moreover, when removing an action, the removing party must provide a "short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant." 28 U.S.C. § 1446(a). The notice of removal must also be timely filed with the Court, pursuant to 28 U.S.C. § 1446(b).

### III. Analysis
#### A. Basis for removal

In reviewing the record, the Court finds it lacks subject matter jurisdiction over this matter, consistent with the findings of Judge Cooke and Judge Altonaga. The Defendant has failed to show that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 or federal question jurisdiction pursuant to 28 U.S.C. § 1331. Reading the Defendant's notice of removal in the light most charitable to the Defendant, it appears the Defendant tried to invoke this Court's federal question jurisdiction by alleging "violation of constitucion [sic] rights," but that threadbare allegation is woefully deficient. For instance, the Defendant fails to indicate if he is alleging a violation of rights under the United States Constitution or the Florida Constitution. It is the Defendant's burden to prove to this Court that it has jurisdiction over the instant proceeding.

Just as "a plaintiff bringing an original action is bound to assert jurisdictional bases under Rule 8(a), a removing defendant must also allege the factual bases for federal jurisdiction in its notice of removal under § 1446(a)." *Gonzalez v. United States Ctr. for SafeSport*, 374 F. Supp. 3d 1284, 1296 (S.D. Fla. 2019) (Scola, J.) (quoting *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215 (11th Cir. 2007)). The standard "Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). The removing party must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. The Court finds that the Defendant's statement alleging a "violation of constitucion [sic] rights" fails to plead a claim

that is plausible (it is unclear if such a claim is even possible under these facts) based upon the Defendant's notice of removal. Accordingly, this Court has no jurisdiction over this matter.

### B. Timing of removal

Even if this Court had jurisdiction under 28 U.S.C. § 1331, the Court would still find it necessary to remand the matter back to state Court as removal is untimely under 28 U.S.C. 1446(b). Had removal been properly alleged based on federal question jurisdiction, the Defendant would have been required to file his notice of removal within 30 days after being served, or by February 10, 2018. 28 U.S.C. 1446(b). The Defendant failed to meet this deadline. Indeed, the "30-day limit for the filing of the removal petition is mandatory." *Wagner v. Oerlikon USA, Inc.*, No. 8:08-cv-140-T-23MAP, 2008 WL 2262041, at *1 (M.D. Fla. May 30, 2008). The Defendant's notice of removal is also untimely.

## IV. Conclusion

The Court is troubled by the Defendant's clear abuse of process. In reviewing the Plaintiff's motion, the Defendant's pattern of filing frivolous papers to overcome an otherwise seemingly valid foreclosure sale has become abundantly clear. Consistent with this decision and in light of the Defendant's clear abuse of the removal process, it is **ordered and adjudged** that the Defendant may not remove this matter to federal court without first seeking leave of this Court and receiving express permission to do so. A request seeking leave to file a notice of removal must provide: 1) the basis for the Court's subject matter jurisdiction; 2) whether the Defendant's notice of removal is timely filed; and 3) all process, pleadings, and orders from the state court action. Any attempts to file a notice of removal without first receiving this Court's permission shall be without effect.

The Court reserves jurisdiction to determine whether the Plaintiff is entitled to recover certain attorney's fees and costs. The Court **refers** the Plaintiff's motion for attorney's fees and costs (**ECF No. 6**) to United States Magistrate Judge Jonathan Goodman for a report and recommendations, consistent with 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of the Local Magistrate Judge Rules.

The Court directs the Clerk to **administratively close** this case and take all necessary steps to ensure the prompt remand of this matter and the transfer of this file back to the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County. The Court **denies all pending motions as moot**, as not properly before this Court. The Court also directs the Clerk to **mail** a copy of this order to the Defendant at the address listed below.

**Done and ordered**, at Miami, Florida, on October 27, 2020.

Robert N. Scola, Jr.
United States District Judge

*Copies via U.S. mail to:*
Rigoberto Diaz, Jr.
20904 S.W. 328th Street
Homestead, FL 33030