UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 20-24306-CIV-SCOLA/GOODMAN

WILIMINGTON SAVINGS FUND SOCIETY,

    Plaintiff,

v.

RIGOBERTO DIAZ, JR., et al.,

    Defendants.

_____/

### REPORT AND RECOMMENDATIONS ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS (CONCERNING ITS MOTION TO REMAND)

Plaintiff filed a motion for remand and for attorney's fees and costs. [ECF No. 6]. Defendant did not file a response in opposition and the time to do so has expired. United States District Judge Robert N. Scola, Jr. granted Plaintiff's motion to remand, but referred Plaintiff's motion for attorney's fees and costs to the Undersigned. [ECF No. 11]. As explained below, the Undersigned **respectfully recommends** that Judge Scola **grant** Plaintiff's motion for attorney's fees and costs as a result of Defendant's "clear abuse of the removal process." *Id.* at p. 1.

    **I.**    **Background**

On December 13, 2017, Plaintiff filed a residential foreclosure complaint against Defendant in state court. [ECF No. 6]. On October 3, 2018, the state court entered a final

judgment of foreclosure against Defendant. [ECF No. 6-2]. Since then, Defendant has petitioned for bankruptcy twice,[1] and each petition was dismissed with prejudice. [ECF Nos. 6-3; 6-6]. Defendant also removed this residential foreclosure action to federal court two times before the instant removal, and the case was remanded both times. [ECF Nos. 6-7; 6-10]. Each time Defendant petitioned for bankruptcy or removed to federal court, the foreclosure sale in the state court action was canceled. *Id.*

On October 20, 2020, Defendant removed the residential foreclosure matter once again from Florida state court to the United States Court for the Southern District of Florida. [ECF No. 1]. Plaintiff then moved to remand the suit back to state court and requested attorney's fees and costs for the improper removal pursuant to 28 U.S.C. § 1447(c). [ECF No. 6]. And for a third time, Judge Scola remanded the case back to state court. [ECF No. 11]. In remanding the case, Judge Scola barred Defendant from remanding the case again without first obtaining permission from the Court:

> The Court is troubled by the Defendant's clear abuse of process. In reviewing the Plaintiff's motion, the Defendant's pattern of filing frivolous papers to overcome an otherwise seemingly valid foreclosure sale has become abundantly clear. Consistent with this decision and **in light of the Defendant's clear abuse of the removal process**, it is ordered and adjudged that the Defendant may not remove this matter to federal court without first seeking leave of this Court and receiving express permission to do so.

*Id.* at p. 11 (emphasis added).

---

[1] Defendant's wife also filed a petition for bankruptcy after Diaz's first petition was dismissed with prejudice.

## II. Applicable Legal Standards and Analysis

Under 28 U.S.C. § 1447(c), a removing party may face fees and costs incurred as a result of the case being remanded back to state court. 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). "[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Moreover, "district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id.*

Here, Defendant filed for bankruptcy three different times and removed the case twice to federal court before the subject removal in an apparent effort to delay the foreclosure sale. Judge Scola classified Defendant's actions as a "clear abuse of process." [ECF No. 11, p. 4]. While a party certainly has a right to remove as a general matter under 28 U.S.C. 1447, it became abundantly clear here that this case did not warrant removal based on Defendant's prior failed attempts.

Moreover, there were no new facts alleged which would constitute an objectively reasonable basis for Defendant to renew his filing for removal. The only addition Defendant made was to allege that there was a "violation of constitu[tional] rights," which Judge Scola found was not a plausible claim. [ECF No. 11, pp. 3-4]. Nothing in the

facts implicates any sort of constitutional violations, nor do any of the allegations warrant federal jurisdiction. *See Bentley v. Miami Air Int'l, Inc.*, 377 F. Supp. 3d 1337, 1346 (S.D. Fla. 2019) (granting request for attorney's fees under 28 U.S.C. § 1447(c) due to a lack of arguable grounds for diversity or federal question jurisdiction).

The Court rejected Defendant's removal attempts twice before and Defendant did not introduce any viable new grounds for the third attempt. As a result, Defendant knew, or should have known, that his removal would yet again prove to be unsuccessful. The filing for removal was a clear demonstration of an effort to abuse procedure and delay the foreclosure sale. The Undersigned finds that Defendant had no objectively reasonable basis for seeking removal.

Consequently, Plaintiff is entitled to its reasonable attorney fees and costs incurred as a result of the removal. *See Hajdasz v. Magic Burgers, LLC*, No. 18-cv-1755, 2018 WL 7436133, at *12 (S.D. Fla. Dec. 10, 2018) (internal citation omitted) (affirming attorney's fees and costs for improper removal where the "litigant's decision to remove comes years late and appears to have been spurred by a desire to avoid an adverse state-court ruling"); *see also Accredited Home Lenders, Inc. v. Santos*, No. 6:10-CV-1562-ORL-KRS, 2010 WL 4612352, at *2 (M.D. Fla. Nov. 16, 2010) (granting request for attorney's fees where removing party repeatedly removed to federal court to delay foreclosure sale in state court proceeding); *Wells Fargo Bank, N.A. v. Kelly*, No. 608CV-1555-ORL-28GJK, 2009 WL 485173, at *1 (M.D. Fla. Feb. 25, 2009) (awarding attorney's fees and costs associated with

Case 1:20-cv-24306-RNS Document 15 Entered on FLSD Docket 03/04/2021 Page 5 of 6

removal where defendant in foreclosure action removed the case two times to federal court in order to delay the foreclosure sale).

Accordingly, Plaintiff shall submit a motion for attorney's fees and costs, including an accurate time and hourly rate record for the fees and costs incurred in preparing the motion to remand.[2]

### III.    Conclusion

For the reasons discussed above, the Undersigned **respectfully recommends** that Judge Scola **grant** Plaintiff's motion for attorney's fees and costs pursuant to 28 U.S.C § 1447(c), with the specific amount to be determined after Plaintiff files a motion for attorney's fees and costs, which includes counsel's time records.

### IV.    Objections

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with United States District Judge Robert N. Scola, Jr. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to file objections

---

[2]   Plaintiff appears to request attorney's fees resulting from the canceled foreclosure sale scheduled in the state court case. [ECF No. 6, p. 8]. The Undersigned does not find that attorney's fees incurred by Plaintiff in litigating the foreclosure sale at the state court level should be awarded here. However, Plaintiff may be entitled to the interest accrued on the note and mortgage as a result of the need to hold another foreclosure sale, and thus Plaintiff may discuss this issue in its motion for attorney's fees. *See Wells Fargo Bank, N.A.*, 2009 WL 485173, at *1 ("Plaintiff may file a motion for sanctions to include attorney's fees and costs as well as for interest accrued on the note and mortgage as a result of the postponement of the foreclosure sale.").

timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on March 4, 2021.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All Counsel of Record